# Bartlett *v.* Henderson & Bros., Inc., Appellant.

*Affidavit of defense—Suit on check—Refusal to pay check—Contract—No averment as to cancellation of check.*

1. In an action on an unpaid check, an affidavit of defense is insufficient which sets up a three-cornered agreement between plaintiff, defendant and a corporation, by which the corporation was to put defendant in funds to pay the check, and that this was not done, without any averment that, if there was a failure on the part of the corporation to perform its contract, defendants check to plaintiff was to be cancelled.

2. In such case, an averment is immaterial to the effect that, because the agreement was made in the interest of the corporation of which plaintiff was vice-president and director, there was no obligation on defendant to make the check good.

Argued November 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 339, Jan. T., 1927, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1925, No. 8562, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Elwood S. Bartlett v. Henderson & Brothers, Inc. Affirmed.

Assumpsit on unpaid check.

Rule for judgment for want of sufficient affidavit of defense. Before FERGUSON, J.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Joseph L. Ehrenreich,* for appellant.

*John D. McMullin,* for appellee, was not heard.

PER CURIAM, January 3, 1928:

Plaintiff sued in assumpsit to recover the amount of a check to his order, given by defendant, which was not paid on presentation to the latter's bank. The court below entered judgment for want of a sufficient affidavit of defense and this appeal ensued.

We affirm on the following excerpt from the opinion of the court below: "The affidavit shows that it was expected the check would be paid if other things happened. A three-cornered kiting agreement [between plaintiff, defendant and the Ocean County Electric Company] is set up. Plaintiff was to pay defendant $2,000; this was done. Defendant was to give plaintiff its check for $2,000; this also was done and the check is now in suit......The Ocean County Electric Company was to put defendant in funds to pay this last check; this was not done. No [averment] is made [in the affidavit] that if there was a failure on the part of the electric company to perform its contract, defendant's check to plaintiff was to be cancelled. The obligation of defendant, therefore, remains in full force, notwithstanding [the] conclusion [of law, averred in the affidavit,] that, because the agreement was made in the interest of the electric company [of which plaintiff was a vice-president and director], there was no obligation" on the drawer of the check in suit to make it good.

We agree with the court below that, even if all the facts averred by defendant were proved at trial, including the failure of the electric company to carry out its part of the alleged "three-cornered" contract, still binding instructions would have to be given for plaintiff. This being the case, judgment was properly entered against defendant.

The judgment is affirmed.